IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DORA MARTINEZ,
    Petitioner,

v.                                           Case No. 5:25cv34/TKW/MAL

WARDEN GABBY,
    Respondent.
                               /

## **REPORT AND RECOMMENDATION**

Petitioner Dora Martinez initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 2. She claims the Bureau of Prisons is not properly calculating credits she has earned, or is eligible for, under the First Step Act (FSA) and Second Chance Act. *Id.* at 7. She also asserts that BOP staff routinely impedes inmates' ability to pursue their administrative remedies by not answering them.[1] *Id.* According to the FSA Time Credit Assessment appended to her petition, Martinez has a Conditional Transition to Community Date of February 12, 2026, a date she claims is incorrect. *Id.* at 7, 16.

---

[1] A lack of response to an administrative remedy does not prevent an inmate from pursing further relief, because the relevant regulations provide that if the inmate does not receive a response within the time allotted for reply at any level, including extension, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18.

On February 19, 2025, the undersigned entered an order directing Petitioner to (1) pay the $5.00 filing fee or submit a motion for leave to proceed *in forma pauperis*, and (2) provide two service copies of her § 2241 petition or submit $18.00 for the clerk of court to make the copies for her. ECF No. 4. Petitioner was instructed to comply by March 21, 2025, and she was warned that failure to timely comply with an order of the court would result in a recommendation that this case be dismissed.

Having received no response from Petitioner, on March 31, 2025, the Court issued an order directing Petitioner to show cause, in writing, by April 14, 2025, why this case should not be dismissed due to her failure to comply with the Court's order regarding the provision of service copies. ECF No. 5. She was again warned that failure to timely respond to the Court's order would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner still has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including

dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241, ECF No. 2, be **DISMISSED** without prejudice for her failure to comply with an order of the Court.

2. The clerk be directed to close the case file.

DONE on April 21, 2025.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.